KIM E. RICHMAN
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MATTHEW ESTEVEZ,

        Plaintiff,

   -against-                                                                       **COMPLAINT
                                                                                                  AND DEMAND FOR
THE CITY OF NEW YORK, P.O.                                                 JURY TRIAL**
ALEXANDER SOSA (Shield #2549), and P.O.s
"JOHN DOE" #1-15 (said names being fictitious,
as the true names are presently unknown),
Individually and in their Official Capacities,

        Defendants.
------------------------------------------------------------X

      Plaintiff MATTHEW ESTEVEZ, by his attorneys, Reese Richman LLP, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

      Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, POLICE OFFICER ALEXANDER SOSA (Shield #2549) and OFFICERS "JOHN AND JANE DOE" #1 through #15 (the names "John and Jane Doe" being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department and other agencies of the City of New

1

York, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the United States and of the State of New York.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiff's claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiff's federal claims herein.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff MATTHEW ESTEVEZ is and was at all relevant times a resident of the borough of Manhattan in the County and State of New York.

7. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs and controls the New York City Police Department ("NYPD") and the New York City Department of

Correction ("DOC") and other municipal agencies and departments which are responsible for carrying out law enforcement activities under color of state law.

8. Defendants POLICE OFFICER ("P.O.") ALEXANDER SOSA (Shield #2549) and OFFICERS "JOHN AND JANE DOE" #1 through #15 are and were at all relevant times police or correction officers, supervisors, and/or policymakers employed by Defendant CITY with the NYPD, DOC and/or other CITY agencies and acting under color of state law.

9. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD and DOC, and pursuant to their authority as employees, servants and agents of the NYPD, DOC and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD, DOC and/or other agencies which employed the Defendants herein.

## FACTS

11. At all relevant times, Plaintiff MATTHEW ESTEVEZ lived with his family in an apartment on West 107th Street in Manhattan.

12. At all relevant times, Plaintiff occupied his own bedroom in the apartment which had a locking door to which Plaintiff had the key.

13. At all relevant times, Plaintiff's brother occupied his own separate bedroom in the apartment which had a locking door to which Plaintiff's brother had the key.

14. Plaintiff does not have a key or other access to his brother's bedroom, nor does

3

Plaintiff's brother have a key or other access to Plaintiff's bedroom.

15. In the early morning of August 16, 2012, or thereabout, Defendants, upon information and belief, purportedly executed a search warrant for another unit in Plaintiff's building which is located one floor above Plaintiff's apartment (the "upstairs target apartment"). Defendants purportedly recovered illegal narcotics and related paraphernalia from the upstairs target apartment in connection with the search.

16. At approximately 6:30 a.m. on the same date, Defendants broke down the front door of Plaintiff's apartment, destroying the door frame and lock.

17. After the door had been broken down, Defendant P.O. "DOE" #1, clad in protective combat or "riot" gear with a large shield, and wielding a firearm resembling a shotgun, entered Plaintiff's apartment, followed by Defendants P.O. "DOE" #2 through #8, who upon information and belief, were NYPD narcotics officers.

18. At the time Defendants entered his apartment, Plaintiff was asleep in his own bedroom with his girlfriend and wearing only undergarments.

19. Defendant P.O. ALEXANDER SOSA and other Defendants handcuffed Plaintiff, his brother and his girlfriend, then conducted a search which included both Plaintiff's bedroom and Plaintiff's brother's separate bedroom. Plaintiff asked Defendants for a search warrant but was never shown or provided with a copy of a search warrant.

20. During their search, Defendants unlawfully confiscated certain personal property belonging to Plaintiff, namely, a sum of United States currency; this property was never returned to Plaintiff.

21. Plaintiff had not and was not engaged in any unlawful activity and at no time did Defendants uncover any contraband from Plaintiff's bedroom or obtain any information or

4

evidence whatsoever giving rise to reasonable suspicion or probable cause to believe that Plaintiff had committed any offense.

22. Despite having no basis to suspect that Plaintiff was engaged in any unlawful activity or was secreting contraband on his person, Defendants conducted an intrusive body search of Plaintiff, who was handcuffed wearing only his underwear. Defendants conducted the body search in an unreasonable and careless manner and in open view of others who observed the search. Defendants' actions in searching Plaintiff were undertaken in the absence of reasonable suspicion or probable cause and in disregard of Plaintiff's privacy and well-being.

23. Defendants' search of Plaintiff's person, like their search of his bedroom, yielded recovery of no contraband. Nevertheless, Defendants arrested Plaintiff and transported him to a local NYPD precinct. Defendants arrested Plaintiff without probable cause, and Plaintiff had never been arrested prior to this incident.

24. At the precinct, Defendants subjected Plaintiff to an invasive strip search and, yet again, recovered no contraband. There was no individual particularized reasonable suspicion, legitimate penological purpose or other legal justification or excuse for the strip search, nor do the baseless arrest charges justify the unlawful strip search.

25. Plaintiff was thereafter arraigned in Manhattan Supreme Court and falsely charged with violations of various sections of the New York Penal Law, including felonies related to possession of controlled substances with intent to sell.[1]

26. After being arraigned, Plaintiff was transported to the DOC Manhattan Detention

---

[1] Specific charges included: N.Y. PEN. LAW §220.16(1), Criminal Possession of Controlled Substance in the Third Degree; N.Y. PEN. LAW §220.06(1), Criminal Possession of Controlled Substance in the Fifth Degree; N.Y. PEN. LAW §220.50(2), Criminally Using Drug Paraphernalia in the Second Degree; N.Y. PEN. LAW 220.50(3); and N.Y. PEN. LAW §221.05, Unlawful Possession of Marijuana.

5

Center ("MDC") and detained therein for approximately three days until his release on or about August 19th, 2012.

27. Plaintiff was required to defend the baseless charges against him until they were dismissed in or about October of 2012 upon motion of the District Attorney.

### FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

28. Plaintiff MATTHEW ESTEVEZ repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

30. All of the aforementioned acts by Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

31. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights; these violations were driven and motivated by, reflective of and

carried out pursuant to a custom, usage, practice, procedure or rule of Defendant CITY, which is forbidden by the Constitution of the United States.

34. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff MATTHEW ESTEVEZ repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

36. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

37. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and was at all times aware of his confinement; Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

38. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of the community.

## THIRD CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

39. Plaintiff MATTHEW ESTEVEZ repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

40. Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to compel him to provide information which would assist them in their law enforcement investigation.

41. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

42. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff, who had never been arrested and was in his own bedroom with his girlfriend when Defendants forcibly entered his home, to public humiliation detention, arrest, strip search, booking and imprisonment, and prosecution.

43. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to force persons known to be innocent to cooperate and provide information to assist in the prosecution and conviction of others who are the actual targets of the law enforcement investigation at issue. This abuse of power is outside of and contrary to the legitimate of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

44. As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including a three day deprivation of liberty following his arraignment.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION

45. Plaintiff MATTHEW ESTEVEZ repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

46. Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed, with actual malice,

thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

47. The criminal charges against Plaintiff were terminated in his favor.

48. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

49. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable

50. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

### FIFTH CLAIM FOR RELIEF: UNLAWFUL STRIP SEARCH UNDER 42 U.S.C. § 1983

51. Plaintiff MATTHEW ESTEVEZ repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

52. Defendants conducted an intrusive body search at Plaintiff's apartment and a strip search at the police precinct in the absence of individual particularized suspicion.

53. Defendants acted without regard to Plaintiff's privacy, dignity and well-being, and in violation of his Constitutional rights under the Fourth and Fourteenth Amendments.

54. As a result of Defendants' unconstitutional actions, Plaintiff suffered, *inter alia*, shame, embarrassment and humiliation in front of others, loss of privacy, and emotional harm.

### SIXTH CLAIM FOR RELIEF:
### DUE PROCESS VIOLATION UNDER 42 U.S.C. § 1983

55. Plaintiff MATTHEW ESTEVEZ repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

56. Defendants, without cause or justification, confiscated Plaintiff's personal property, namely, a non-trivial sum of Unites States currency.

57. Defendants intentionally confiscated Plaintiff's property without regard to his due process rights.

58. Defendants failed to return Plaintiff's property to him, which has caused him to be deprived of its use and benefit while its relative value declines. Defendants further failed to provide any notice to Plaintiff with respect to the availability of a post-deprivation procedure for securing the return of his property.

59. As a result of Defendants' aforementioned unconstitutional acts, Plaintiff has suffered, *inter alia*, financial harm, stress and strain, and continues to be without the use and benefit of his property.

### SEVENTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

60. Plaintiff MATTHEW ESTEVEZ repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

61. Defendants searched, seized and prosecuted Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

62. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

63. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

64. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include arresting all occupants of a home during a search without having probable cause as to each individual and without evidence of each individual's criminal activity and conducting intrusive body searches and strip searches without individual particularized suspicion or other justification; detaining, searching, arresting and prosecuting young minority males without reasonable suspicion or probable cause.

65. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

66. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

69. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

70. Defendant CITY, as municipal policymaker in the training and supervision of Defendants POLICE OFFICER ALEXANDER SOSA and OFFICERS "JOHN AND JANE DOE" #1 through #15, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

71. All of the foregoing acts by Defendants deprived Plaintiff MATTHEW ESTEVEZ of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. Not to be deprived of property without due process of law;

    c. To be free from search, seizure and arrest not based upon reasonable suspicion and probable cause;

    d. To be free from unlawful imprisonment;

    e. To be free from infliction of emotional distress; and

    f. To receive equal protection under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.


DATED:   New York, New York
         March 18, 2012

                                        Respectfully submitted,

                                        /s/ Kim E. Richman
                                        Kim E. Richman
                                        *Attorney for Plaintiff*
                                        **REESE RICHMAN LLP**
                                        875 Avenue of the Americas, 18th Floor
                                        New York, NY 10001
                                        krichman@reeserichman.com
                                        212-643-0500 (telephone)
                                        212-253-4272 (facsimile)

13